(No. 2937— )

Nick Gibbs, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 10, 1937.*

Burrel Barash, for claimant.

Otto Kerner, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

On January 20, 1936 claimant Nick Gibbs was employed by the State of Illinois in the Highway Department as a truck driver. He had been thus employed for about a month at the rate of Fifty (50) Cents per hour on an average of eight hours a day and six days per week. He had previously been employed by the Department, sometimes as a helper and at one time as a foreman, and during the latter service he received Sixty (60) Cents per hour.

On January 19, 1936 he was operating a snow plow attached to the truck then driven by him. In examining his motor he slipped and the second finger on his right hand was caught in the water pump pulley. The end of the finger was badly torn, but immediate surgical attention was given, the torn end of the finger was sewed back on, it was dressed daily and a satisfactory union resulted. The patient was under the care of the attending surgeon, Dr. Andrew R. Mailer, for about two months. His condition at the time of the hearing showed a deformed finger nail, circulatory impairment and a scar at the tip and a little atrophy of the

finger, and a limitation of flection to about fifty (50) per cent of the normal finger. From the doctor's testimony there is a partial loss of use of the finger of at least twenty-five (25) per cent. Due to the fact that the end of the finger was almost completely amputated and that the bone was cut in half, there has been surplus callous formation where the bone healed.

All medical, surgical and hospital bills incurred by reason of said injury have been paid by the State except Four ($4.00) Dollars, paid by claimant to the Gunning Clinic at Galesburg, Illinois, and claimant has been paid Ninety ($90.00) Dollars compensation.

On August 7, 1936 claimant filed his application for a further award of fifty (50) per cent loss of use of his finger, in the sum of Two Hundred Forty ($240.00) Dollars. No question is raised by the record as to the fact that claimant was duly employed by respondent, and that the injury arose out of and in the course of his employment and that same is compensable under the record. The claim recites, and the proof shows, that the State has heretofore paid total compensation of Ninety ($90.00) Dollars, which the Division of Highways reports paid claimant's compensation from January 24, 1936 to March 10, 1936, a period of seven and one-half (7½) weeks, at the rate of Twelve ($12.00) Dollars per week; compensation being based at the rate of Fifty (50) Cents per hour, the rate he was receiving at the time of his injury; the average weekly wage at that rate being Twenty-four ($24.00) Dollars.

Respondent contends that his average wage should be determined under provisions of Par. (e) of Sec. 10 of the Workmen's Compensation Act, wherein determination of award is made on a basis of 200 working days in the year, where it is the custom to operate for only a part of the working days in each year. While it is true that claimant had in fact received only Five Hundred Twenty ·and 80/100 ($520.80) Dollars in total wages during the preceding year, the work in which he was engaged at the time of the injury, i. e. a truck driver is, so far as the record shows, a continuous employment throughout the year. Claimant's average weekly wage is therefore determined at Twenty-four ($24.00) Dollars per week. His temporary compensation has been paid and an award is now due him for the partial

loss of his second finger, which under the proof, is found to be twenty-five (25) per cent. An award is therefore made in favor of claimant for twenty-five (25) per cent loss of the use of his second finger on the right hand due to the accident in question, in the sum of One Hundred One and 41/100 ($101.41) Dollars, and $4.00 medical expense, or $105.41 total award.

This award being subject to the provisions of an Act entitled, *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof,"* approved July 2, 1935 (Sess. Laws 1935, p. 49) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when, such approval is given, made *"payable from the appropriation from Road Fund in the manner provided in such Act."*